**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------X
FATIH GULER, BORA KARAKAYA, CAN ZEYREK and KUDRET OKSUZ,

         Plaintiffs,

-against-

ANTALIA TURKISH CUISINE, LLC, EKMEL ANDA *individually,* and SERHAT CETINKAYA *individually*,
         Defendants.
------------------------------------------------X

**CLASS AND COLLECTIVE ACTION COMPLAINT**

Case No.: _____

**PLAINTIFF DEMANDS A TRIAL BY JURY**

  Plaintiffs, Fatih Guler, Bora Karakaya, Can Zeyrek and Kudret Oksuz, by their attorney, The Rose Law Group, PLLC, upon information and belief, complain as follows:

## NATURE OF THE CASE

1. Plaintiffs, individually and on behalf of all other similarly situated current and former hourly employees of Defendants, brings this action against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for failure to pay wages due and owed for hours employees were required to report to work, ready to perform work and actually performed work duties, and seeks to recover unpaid back wages, unpaid tips, unpaid overtime, an additional amount as liquidated damages, reasonable attorneys' fees and costs.

2. Plaintiffs also claim that they were not provided the proper notices and statements under New York Labor Law §§ 190 *et seq*.

## JURISDICTION AND VENUE

3. Jurisdiction of this action is conferred upon the Court by § 16(b) of the FLSA (29 U.S.C. §216(b)). Jurisdiction of this Court is also proper under 42 U.S.C. §12101 et. seq.; 29 U.S.C. §2617.

4. Supplemental Jurisdiction is proper over the State law claims pursuant to 28 U.S. Code § 1367.

5. Venue is proper in this district based upon Defendants' residency within Bronx County, State of New York, within the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

6. That at all times relevant hereto, Plaintiffs Fatih Guler, Bora Karakaya, Can Zeyrek and Kudret Oksuz ("Plaintiffs") were employed within New York, New York.

7. Plaintiffs were, during all relevant times, employees of all Defendants.

8. That at all times relevant hereto, Defendant Antalia Turkish Cuisine, LLC ("Antalia") was and is a Domestic Limited Liability Corporation duly authorized and existing by virtue of the laws of the State of New York.

9. That at all times relevant hereto, Defendant Antalia does business in the State of New York as a restaurant located at 17 West 45th Street, New York, New York 10036.

10. That at all times relevant hereto, Defendant Ekmel Anda was an owner of Defendant Antalia.

11. That at all times relevant hereto, Defendant Serhat Cetinkaya was Plaintiffs' supervisor and/or had supervisory authority over Plaintiffs and all other Class Plaintiffs as well as being an owner of Defendant Antalia.

12. Defendant Antalia, Ekmel Anda, and Serhat Cetinkaya are referred to herein as "Defendants."

## THE FLSA CLASS

13. While class certification pursuant to FRCP Rule 23 is not required for an FLSA collective action, defining the class of eligible FLSA Plaintiffs is useful, as the Court will be asked to order Defendants to produce the names and addresses and other information of potential opt-in Plaintiffs.

14. The class of eligible opt-in Plaintiffs consists of all persons who worked for Defendants as "servers" and "busboys" at any time from three (3) years prior to the filing of this case, to entry of judgment in this case (the "Class" and "Class Period," respectively).

15. Although the precise number of putative class members is unknown, and facts upon which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over fifteen (15) members of the Class who worked for Defendants within the Class Period.

16. There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including whether Defendants failed to compensate employees at the minimum wage for time worked; whether each employee was paid overtime in weeks when they worked over forty (40) hours; and whether each employee was given the tips to which they were entitled for their work. The wage paid to every server was only $10.00 per shift, not remotely close to the minimum wage required under the FLSA.

17. Plaintiffs' claims are typical of the claims of the Class. Plaintiffs will fairly and adequately protect the interests of the Class.

18. A collective action is superior to other methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

19. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

20. At all times relevant to this action, Plaintiff and other Class Plaintiffs were employed by Defendants within the meaning of the FLSA.

21. At all times relevant to this action, Defendants transacted and transacts commerce and business in excess of $500,000.00 annually or has revenues in excess of $500,000.00 annually, for all applicable periods in question. Further, Plaintiffs were directly involved in interstate commerce.

22. At all times relevant to this action, Defendants willfully failed to pay all Plaintiffs and other Class Plaintiffs for time which Class Plaintiffs are required to be at work and ready to work and performing work in violation of the FLSA. Plaintiffs were also not paid the overtime premium for hours worked in excess of forty (40) each week. Plaintiffs also were not provided with the tips paid to Defendants on their behalf. Defendants also illegally conducted a tip pool without providing proper notice and permitting managers to share in the tips.

23. At all times relevant to this action, due to Defendants' FLSA violations, Plaintiffs and other Class Plaintiffs are entitled to recover from Defendants their unpaid wages, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §216(b).

## MATERIAL FACTS

24. Plaintiff Fatih Guler ("Fatih") was hired by Defendants in or around December of 2013 as a server.

25. Throughout Plaintiff Fatih's employment, his work product was excellent.

26. During his first week, Plaintiff Fatih was trained but did not get paid anything for this time.

27. After this, Plaintiff Fatih was scheduled to work at least six (6) shifts each week and on average eight (8) shifts each week.

4

28. Each shift was scheduled to be five (5) hours for a day shift, from 11-4, and then six (6) hours for a night shift, from 4-10. However, frequently servers were required to stay late if they close and could be required to work as late as 12:00 am.

29. Plaintiff Fatih worked on average thirty-five (35) to fifty (50) hours each week but was only paid $10.00 per shift.

30. Plaintiff Bora Karakaya ("Bora") was hired by Defendants in or around November of 2015 as a server.

31. Throughout Plaintiff Bora's employment, his work product was excellent.

32. During his first week, Plaintiff Bora was trained but did not get paid anything for this time.

33. After this, Plaintiff Bora was scheduled to work at least eight (8) shifts each week and on occasion as many as twelve (12). On average he worked approximately nine (9) shifts.

34. Each shift was scheduled to be five (5) hours for a day shift, from 11-4, and then six (6) hours for a night shift, from 4-10. However, frequently servers were required to stay late if they close and could be required to work as late as 12:00 am.

35. Plaintiff Bora worked on average forty (40) to fifty (50) hours each week but was only paid $10.00 per shift.

36. Plaintiff Can Zeyrek ("Can") was hired by Defendants in or around March of 2015 as a server.

37. Throughout Plaintiff Can's employment, his work product was excellent.

38. During his first week, Plaintiff Can was trained but did not get paid anything for this time.

39. After this, Plaintiff Can was scheduled to work at least eight (8) shifts each week and on average about nine (9) shifts each week.

40. Each shift was scheduled to be five (5) hours for a day shift, from 11-4, and then six (6) hours for a night shift, from 4-10. However, frequently servers were required to stay late if they close and could be required to work as late as 12:00 am.

41. Plaintiff Can worked on average forty (40) to fifty (50) hours each week but was only paid $10.00 per shift.

42. Plaintiff Kudret Oksuz ("Kudret") was hired by Defendants in or around October of 2014 as a server.

43. Throughout Plaintiff Kudret's employment, his work product was excellent.

44. During his first week, Plaintiff Kudret was trained but did not get paid anything for this time.

45. After this, Plaintiff Kudret was scheduled to work four (4) or five (5) shifts each week during the lunch shift.

46. After about four (4) months, Plaintiff Kudret was made full time and began working at least eight (8) shifts each week and on average about nine (9) shifts each week.

47. Each shift was scheduled to be five (5) hours for a day shift, from 11-4, and then six (6) hours for a night shift, from 4-10. However, frequently servers were required to stay late if they close and could be required to work as late as 12:00 am.

48. Plaintiff Kudret worked on average twenty (20) to twenty-five (25) hours during his first few months then forty (40) to fifty (50) hours each week but was only paid $10.00 per shift.

49. Defendant Serhat managed all servers and determined the schedules. He told all Plaintiffs that they would be only getting paid $10.00 per shift and then they would get tips after that.

50. Defendant Serhat told all Plaintiffs that they had to put money into a pool at the end of the night to be shared based on a point system. Servers would get six (6) points and the busboys would get four (4) points.

51. Defendant Serhat would also, on occasion, take one (1) point from the tip pool to give to dishwashers.

52. Defendant Serhat told the employees that if sales were over $1,500.00 for the day then he was entitled to keep 10% of the tips. This deduction from the tip pool was an illegal deduction and

6

violation of the FLSA and NYLL.

53. On occasion a large party would come to the restaurant. When this happened Defendant Serhat would take up to half of the tips, claiming that he had done the work to deserve this gratuity.

54. Defendants never kept track of how many hours Plaintiffs worked.

55. Defendants never paid an hourly rate to the Plaintiffs.

56. Defendants never provided pay stubs or a pay notice to Plaintiffs.

57. Plaintiff Fatih left his position in or around August of 2015.

58. Plaintiff Bora left his position in or around November of 2017.

59. Plaintiff Can left his position in or around April of 2016.

60. Plaintiff Kudret left his position in or around October of 2016.

61. Defendants' violation of the FLSA and NYLL were done with knowledge of the law and with full understanding that this policy violated the law.

62. Defendants are and were employers under the FLSA and NYLL as they control the work performed by individuals who suffered under their violation of the law, made the decision to specifically violate the law and have an ownership stake in the company. As such, Defendants are jointly and severally liable for the wage and hour violations detailed herein.

63. Plaintiffs were not provided accurate and truthful wage statements and notices which complied with New York Labor Law § 190 *et seq* during their employment.

## AS A FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

64. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

65. Defendants willfully employed Class Plaintiffs in the afore-mentioned enterprise and failed to compensate Class Plaintiffs for all hours worked during their employment.

66. Defendants failed to pay any wages for hours worked by Class Plaintiffs as described

herein and as is required by the FLSA.

67. Further, the average hourly rate for Plaintiffs was below the minimum wage when considering the numerous hours for which they were not compensated.

68. Defendants also failed to provide the overtime premium rate of one and a half times their regular hourly rate as is required by the FLSA.

69. Defendants operated a tip pool which included management and non-tipped employees in violation of the FLSA.

70. Defendants' failure to comply with the FLSA caused Plaintiffs and Class Plaintiffs to suffer loss of wages and other damages as described and demanded herein.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW

71. Class Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

72. Class Plaintiffs were employees of Defendants within the meaning of New York Wage Regulations (NYCRR Labor Section 138 et seq.).

73. Defendants failed to pay Plaintiffs any rate of pay for certain hours when they were required to be at work, ready to work, and actually performing work.

74. Defendants' failure to comply with the New York Labor Law minimum wage protections caused Class Plaintiffs to suffer loss of wages and interest thereon.

75. Defendants' failure to pay proper wages for each hour worked was willful.

76. Defendants also failed to pay overtime pay as is required by the New York Labor Law.

77. Defendants also failed to provide tips paid by clients which were to be delivered to Plaintiffs but were not.

78. Defendants withheld money from the tips from Plaintiffs' pay without legal right or justification.

79. Defendants operated a tip pool which included management and non-tipped employees in violation of the NYLL.

80. On account of such violations, Defendants are liable to Class Plaintiffs for actual, statutory and liquidated damages.

**AS A THIRD CAUSE OF ACTION FOR**
**<u>VIOLATION OF NEW YORK LABOR LAW (wage notice and statement)</u>**

81. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

82. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 190 et seq., including §§ 191, 193, 195, 198 and the applicable regulations thereunder.

83. At all times relevant herein, defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiffs are therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b).

84. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiffs are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d)

**<u>JURY DEMAND</u>**

85. Plaintiffs demand a trial by jury.

    **WHEREFORE**, Plaintiffs demand judgment against the Defendants:

A. Certifying a Collective Class for all Class Plaintiffs and permitting notice be sent to all Class Plaintiffs with the option to join;

B. Awarding all wages not paid as required under the FLSA and NYLL, plus liquidated damages

under both the NYLL and the FLSA and interest;

C. Declaring that Defendants' policies and procedures violate the FLSA and NYLL;

D. Awarding damages to the Plaintiffs and Class Plaintiffs to otherwise make them whole for any losses suffered as a result of such unlawful employment practices;

E. Awarding Plaintiffs punitive damages;

F. Awarding Plaintiffs attorney's fees, costs, and expenses incurred in the prosecution of the action;

G. Awarding Plaintiffs such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Astoria, New York
   March 16, 2018

**THE ROSE LAW GROUP, PLLC**

_____
Jesse C. Rose (JR-2409)
3109 Newtown Avenue
Suite 309
Astoria, New York 11102
PH: (718) 989-1864
Fax: (917) 831-4595