# The Rose Law Group, PLLC
## Attorneys at Law

Jesse C. Rose, Esq.
JRose@TheRoseLawGroup.com
31-09 Newtown Avenue, Suite 309, Astoria, New York 11102
Direct: (718) 989-1864  Fax: (917) 831-4595
www.TheRoseLawGroup.com

**Via ECF**                                                                 August 31, 2018
Hon. Ronnie Abrams
United States District Judge
United States District Court
Southern District of New York

      Re:    **Guler et al v. Antalia Turkish Cuisine, LLC et al**
            **Case No.: 18-cv-2354 (RA)**

Dear Judge Abrams:

    Plaintiffs Fatih Guler, Bora Karakaya, Kudret Oksuz, Caner Kuru, and Can Zeyrek (together, "Plaintiffs") and Defendants Antalia Turkish Cuisine, LLC, Ekmel Anda, and Serhat Cetinkaya (collectively, "Defendants") respectfully submit this letter motion in support of their request for approval of the within settlement. Based on the information provided herein the Parties respectfully request that the settlement agreement (attached as Exhibit A) be approved, the case be dismissed and the fairness hearing be found unnecessary.

## INTRODUCTION

    This action was a proposed collective action under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §201, *et seq.*, and a proposed Rule 23 class action under the New York Labor Law (the "NYLL") against Defendants for alleged failure to pay overtime and commissions.

    On July 19, 2018, the Parties attended a settlement conference with the Court's mandatory employment law mediation program and reached a settlement of $90,000 for the five Plaintiffs. This settlement, which was reached after contested litigation, and with the assistance of a skilled mediator, is fair and reasonable and should be approved. *See Flores v. Food Express Rego Park, Inc.*, No. 15-CV-1410 (KAM)(SMG), 2016 WL 386042, at *1 (E.D.N.Y. Feb. 1, 2016) (The parties must satisfy the court that their agreement is "fair and reasonable.").

## FACTUAL AND PROCEDURAL BACKGROUND

    This action was filed on March 16, 2018 by Plaintiffs Fatih Guler, Bora Karakaya, Can Zeyrek and Kudret Oksuz on behalf of themselves and other tipped employees who were employed by Defendants. The Complaint alleged that all tipped employees received only a flat $10 per shift without hourly compensation or overtime premium. Complaint ¶¶ 24-53. Each Plaintiff alleged that they were paid on this same scheme, despite working thirty (30) to fifty (50) hours a week. Id. Each Plaintiff also alleged that at times management shared in the tips, taking a portion. Id. Opt-in Caner Kuru joined the suit on or about June 12, 2018 by filing an executed opt-in form. See Docket Entry No. 15.

1

The Defendants objected to some of Plaintiffs' claims and also asserted that they had no financial resources to pay a judgment. In support of this they provided bills from creditors. They also disputed the number of hours worked and, in support of this, provided schedules and time sheet records. Defendants also provided pay records which purported to show that Plaintiffs were properly paid throughout their employment for all hours worked which coincided with the time sheet records.

Throughout the action, the parties continued to press their positions, engaging in document discovery and engaging in settlement discussions. The negotiated agreement was only reached after hours of debate and posturing through counsel and the mediator. All parties entered into the Agreement in order to avoid the expense of further litigation, delays that further litigation could cause, and the potential that a judgment could not be collectable.

## THE PROPOSED SETTLEMENT

The parties have settled this matter for $90,000 inclusive of attorneys' fees and costs. The settlement will be paid by Defendants in 16 monthly installments as detailed in the agreement. Plaintiffs are releasing Defendants from any and all claims for failure to pay minimum wage or overtime under the FLSA and/or the NYLL, failure to pay tips, and other related claims relating to the amount of wages paid to Plaintiffs. The parties have agreed to avoid making negative statements about one another. There is no confidentiality provision and the settlement agreement will be posted on the docket.

## ARGUMENT

### A. The Proposed Settlement Should Be Approved

When parties settle FLSA claims with prejudice, the settlement must be approved by a district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

"Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *Clark v. Ecolab Inc.*, No. 04CIV. 4488PAC, 2010 WL 1948198, at *7 (S.D.N.Y. May 11, 2010). "If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Kochilas v. Nt'l Merchant Servs., Inc.*, No. 14-CV-00311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Meigel v. Flowers of the World, NYC, Inc.*, No. 11 CIV. 465 KBF, 2012 WL 70324, at *1 (S.D.N.Y. Jan. 9, 2012). In addition,

> [i]n determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citation and quotation marks omitted).

Here, the result is fair and reasonable and was reached after litigation, including the filing of Plaintiff's motion for conditional certification and document discovery. Each of the factors for approval of the settlement is met.

*First*, Plaintiffs' total recovery of $90,000 is greater than the liability total projected by Defendants and a reasonable portion of Plaintiffs' calculation of what they would be entitled to if they were to win at trial. Defendants produced numerous records which they claimed were maintained contemporaneously and which would have undermined Plaintiffs' claims of hours worked. The amount received by each Plaintiff is a reasonable compromise of these conflicting claims. Specifically, Plaintiff Guler will received $11,707.37, Plaintiff Bora will receive $23,414.57, Plaintiff Kudret will receive $18,731.59, Plaintiff Caner will receive $7,024.39, and Plaintiff Can will receive $11,121.97. The amount apportioned to each was based on their individual damages calculations as well as their individual circumstances which increased or decreased their willingness to compromise. Of the total settlement $72,000.00 will go directly to the Plaintiffs.

*Second*, by settling now, the parties avoid the substantial burden and expense of establishing their claims and defenses. One major point of contention was the number of hours Plaintiffs actually worked. Plaintiffs contended that the time records Defendants produced were inaccurate and that, to the extent time records were absent, Plaintiffs intended to prove their hours worked by testimony (*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). Defendants contended that Plaintiffs worked very few overtime hours, and that the time records Defendants produced would support that contention. By settling now, all parties avoid the risks inherent in asking a jury to make credibility determinations concerning the number of hours worked by Plaintiffs.

*Third*, for the same reasons as in factor 2, each party avoids the risk that its testimony concerning Plaintiffs' hours worked would be accepted by the Court or a jury.

*Fourth*, the settlement agreement here is the product of arm's-length negotiation between experienced counsel, each of whom vigorously represented their respective clients' interests, and was reached with the help of mediation by the Court. *See, e.g., Willix v. Healthfirst, Inc.*, No. 07 CIV. 1143 ENV RER, 2011 WL 754862, at *3 (E.D.N.Y. Feb. 18, 2011) ("Arm's-length negotiations involving counsel and a mediator raise a presumption that the settlement they achieved meets the requirements of due process.").

*Fifth*, there has been no fraud or collusion here. No party has been promised or is receiving anything more than what is set forth in the settlement agreement.

In this case, the parties have a bona fide dispute that goes to the core of the case: the amount of compensation due to Plaintiffs is in sharp dispute. Plaintiffs contended that they worked five to nine shifts a week and were only paid $10.00 per shift. Defendants would have contended that (1) for those Plaintiffs whose time records Defendants maintained, the records showed that the Plaintiffs worked a negligible amount of overtime, (2) regardless of whether

3

time records existed for any Plaintiff, no employee of Defendants worked the hours that Plaintiffs claimed and (3) that all Plaintiffs were paid the appropriate hourly wage for the time worked.

### B. Plaintiffs Should be Granted Attorneys' Fees and Expenses

The attorneys' fees and costs of $18,000.00 is fair considering the significant work and time that was put into the case by counsel for Plaintiffs. Plaintiffs' counsel spent significant time preparing the pleadings, discovery demands, meeting with Plaintiffs, initial disclosures, appearing in court for the initial conference, litigating the confidentiality issue, settlement conference, reviewing Defendants' discovery responses, preparing the settlement agreement and preparing this letter. In discovery Plaintiffs produced a total of 322 documents. A confidentiality agreement was negotiated but not entered into, several discovery disputes were researched and raised with the Court. Attorneys also held numerous meetings with opt-in Plaintiff and Plaintiffs to review the case, discuss matters, prepare for the settlement conference, obtain discovery related documents and other matters which occasionally arose. In total our office spent more than fifty (50) hours working on this matter. Further, paralegals with Plaintiffs' counsel's office spent days scanning and summarizing hours records for calculations and other scheduling matters. The costs expended without reimbursement totaled $655.00. The number of hours worked on this case by Plaintiffs' attorney is estimated to exceed fifty (50) since the initial retainer was signed on November 27, 2017, providing an hourly rate of approximately $360.00. This excludes all paralegal time and other time not considered like phone calls and emails. This rate is lower than the $375.00 per hour the Southern District Court awarded Plaintiff's counsel following trial in Echevarria v. Insight Med., P.C., 102 F. Supp. 3d 511 (S.D.N.Y. 2015). As a percentage it is 20% and below the third that Plaintiffs' counsel could request as a fee based on the retainer and which has been approved frequently by this Court. The reduction in fee was agreed upon in order to ensure that the Plaintiffs received sufficient amounts to settle the case. Further, Plaintiffs' counsel will continue representation during the sixteen (16) months that payments are being made. These fees and costs should be found reasonable by the Court.

### CONCLUSION

For all the foregoing reasons, the proposed settlement should be approved in its entirety.

Jesse C. Rose