USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 12/18/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FATIH GULER, et al.,

    Plaintiffs,

v.

ANTALIA TURKISH CUISINE, LLC, et al.,

    Defendants.

---

18-CV-2354 (RA)

MEMORANDUM OPINION
AND ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiffs Fatih Guler, Bora Karakaya, Kudret Oksuz, Caner Kuru, and Can Zeyrek (collectively, "Plaintiffs") brought this action against Defendants Antalia Turkish Cuisine, LLC, Ekmel Anda, and Serhat Cetinkaya (collectively, "Defendants") for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Presently before the Court is the parties' proposed settlement agreement ("Agreement"). *See* Settlement Agreement and General Release (Dkt. 26-1).

    The Court, having reviewed the parties' Agreement and fairness letter, finds that the settlement is fair and reasonable. Under the terms of the Agreement, Defendants agree to pay Plaintiffs a total of $90,000 in exchange for the relinquishment of their wage and hour claims. Agreement ¶¶ 2, 5. After attorney's fees and costs are subtracted, Plaintiffs will receive $72,000. *See* Fairness Letter at 4. As a percentage of their alleged damages ($121,314), this take-home award is 59% of what they expect that they could recover at trial. This amount is reasonable in light of the risks of trial. *Cf. Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *2 (S.D.N.Y. Dec. 14, 2015) (approving a settlement of approximately 25 percent of the maximum possible recovery).

The Court also approves the requested award of attorney's fees and costs. "In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung*, 226 F. Supp. 3d at 229–30. When using a "percentage of the fund" approach, "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015). Here, the attorney's fee ($18,000) is twenty percent of the total settlement amount ($90,000). The amount of the fee is therefore reasonable as a fair percentage of the net award.

Finally, Plaintiffs' release of claims is also fair and reasonable. "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (citation omitted). The release in this case is limited to "any and all claims Plaintiffs may have brought in this action, including claims under the FLSA or NYLL relating to the amount of wages paid to them during the course of their employment with Defendants." Agreement ¶ 5. The release provision at issue here is thus more limited than those routinely rejected.

## CONCLUSION

For the reasons stated above, the Court approves the parties' Agreement. The Court dismisses the Complaint with prejudice in accordance with the Agreement. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: December 18, 2018
New York, New York

Ronnie Abrams
United States District Judge

2